**Dorothy Miller Baxter LIEDER, Plaintiff,**

v.

**NEW YORK STATE COMPTROLLER'S OFFICE OF UNCLAIMED FUNDS, Defendant.**

**No. CV–93–3775 (CPS).**

United States District Court, E.D. New York.

Nov. 3, 1993.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

In this *pro se* action plaintiff, Dorothy Miller Baxter Lieder, alleges that the New York State Comptroller's Office of Unclaimed Funds has property of hers that she would like returned. The defendant has not filed an answer but moves pursuant to Rule 12 of the Federal Rules of Civil Procedure to dismiss the action either on the grounds that subject matter jurisdiction is lacking or that the complaint fails to state a claim upon which relief can be granted. The defendant also moves, in the alternative, for a transfer of the case to the Northern District of New York, the location of the Office of Unclaimed Funds.

In her complaint, plaintiff has used what appears to be a form complaint, asking for money damages in the amount of "unclaimed funds due to myself." Plaintiff has not stated the amount of funds claimed to be owed. The form complaint also contains a demand for a "[p]ermainant [sic] injunction against the defendant [sic] from preforming [sic] certain acts in the furture [sic]." No description of the acts sought to be enjoined is included.

The complaint itself provides no description of the funds, their source, or when they may have come into possession of the Office of Unclaimed Funds. Attached to the complaint, however, is a letter from the Office of the State Comptroller dated August 7, 1992, stating that a successful search for unclaimed funds could not be conducted without the plaintiff's previous addresses. It thus appears that the plaintiff wrote to the Office of Unclaimed Funds requesting that funds be returned to her. The letter from the Office of Unclaimed funds also asked for the plaintiff's previous addresses and any other information that might be helpful in locating the unclaimed funds. Although the plaintiff has not included a copy of her own correspondence, apparently some information was returned because on July 12, 1993, the Office of the Comptroller responded, stating that no record of unclaimed funds was found. The letter advised the plaintiff to contact the office again in the future, explaining that the Office of Unclaimed Funds receives new funds every year.

▮ According to this *pro se* complaint the close and sympathetic reading to which it is entitled, *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), it appears that the plaintiff has attempted to state a cause of action under 42 U.S.C. § 1983. In order to state a claim for relief under section 1983, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 533, 101 S.Ct. 1908, 1787, 68 L.Ed.2d 420 (1981); *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

Plaintiff has not adequately stated the first element of a § 1983 claim because she has not alleged that a "person" deprived her of her property. The Supreme Court has held that a State (and by implication, a State agency) is not a "person" within the meaning of section 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58, 64, 109 S.Ct. 2304, 2307, 105 L.Ed.2d 45 (1989). Thus, since plaintiff cannot state a cause of action under § 1983 against the Comptroller's Office, the court lacks subject matter jurisdiction over her suit.

Plaintiff could possibly state a cause of action against the head of the agency, if she could allege that such person deprived her of property.

▮ Where a high-ranking official having either policy-making authority or authority over the decision making process is depriving a plaintiff of property without due process of law, a section 1983 action can be brought. *Dwyer v. Regan,* 777 F.2d 825, 832 (2nd Cir.1985). A federal court would have sub-

ject matter jurisdiction over such a suit, and plaintiff would have stated a claim upon which relief could be granted. As plaintiff's complaint now stands, the defendant's motion must be granted since this Court lacks subject matter jurisdiction to hear her suit. She is given leave to replead and name an individual, if any, who has deprived her of due process of law. She must also describe her interest in the property and why the way the defendant dealt with her property was improper.

For the reasons stated above, defendant's motion to dismiss is granted, and the action is dismissed with leave to file an amended complaint, within thirty days of the date of this decision, if a sufficient factual basis for federal jurisdiction exists.

The Clerk is directed to mail a copy of the within to all parties.

SO ORDERED.